CORLTON, APPELLANT, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES.

[Cite as Corlton v. Board of Review, 4 Ohio Misc. 215.]

(No. 33721—Decided August 19, 1965.)

APPEAL: Court of Common Pleas of Clermont County.


*Mr. Chris. Rosenhoffer,* for appellant.
*Mr. William B. Saxbe,* attorney general, by *Mr. Arthur J. Reid, Jr.,* for appellees.


NICHOLS, J. This case is before the court on appeal from the decision of the Board of Review, Bureau of Unemployment Compensation, disallowing further appeal and approving the prior orders of the administrator and the referee. The facts presented in the record are, for the most part, agreed to. The record discloses that the claimant, James A. Corlton, started to work for the General Electric Company on March 17, 1952, and worked through October 30, 1964. The claimant became 65 years of age on October 26, 1964. The company had a policy requiring retirement at the age of 65 years. This policy was established by the company in 1937; the original age of retirement being 70 years of age and on September 1, 1946, the retirement age was dropped to 65 years of age. The claimant received, for the 52 weeks that he worked immediately prior to October 30, 1964, $7,288.11. The claimant joined the retirement program of the General Electric Company and under that program was entitled to the sum of $50.22 per month, starting November 1, 1964. The retirement system was optional with the employees and the claimant herein joined this program approximately between 2 and 2½ years after he was first employed by the company. The claimant applied for benefits under the Unemployment Compensation Law and it is conceded by all parties that the formal requisites of this appeal and all administrative procedures and the appeal of the Board of Review have been complied with and the matter is before the court for consideration.

The court is fully aware of the limitations granted to it in reviewing the findings of the referee and the Board of Review; the factual matters are primarily within the province of the referee and the board and they cannot be disturbed, except

where they are unlawful, unreasonable or against the manifest weight of the evidence.

Three issues are raised by the claimant in this appeal. 1. Did the claimant quit work without just cause? 2. Could he waive his rights for unemployment benefits? 3. Did the claimant receive a fair hearing before the referee?

The court, on the third issue, finds that that is strictly a factual matter and that there is nothing in the record to warrant that he did not receive a fair hearing and that portion of the claimant's contention is overruled.

The first and second claims are so interwoven that they must be decided as one. Matters taken from the court record disclose the following: The first determination was set out in their bureau form headed, "Ohio Bureau of Unemployment Compensation, Determination of Benefits" and in that determination it stated that "separated because of age." The law applicable was given as Section 4141.29 (D) (2) (a), Revised Code. This section reads in part as follows: "(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: * * * (2) (a) He quit his work without just cause * * *." The determination then goes on to state, "Claimant was separated from employment with General Electric Company in accordance with his established union management contracts. Within the meaning of the law, this type of separation is disqualifying. Claimant is ineligible for benefits for duration of unemployment because of this separation." Upon reconsideration thereof and on the form headed, "Administrators, reconsiderations, decision," the notice of which was mailed December 18, 1964, refers to the fact that the claimant was separated because of age and likewise refers to the same section of the Revised Code. The administrator in his decision stated, "If the company establishes a policy relative to retirement subsequent to the time the individual is hired and he agrees to such a retirement policy by signing the appropriate papers or by making financial contributions to the retirement plan, then his action will be considered as voluntary and his separation will be held to be a quit without just cause. In the instant case, claimant did support the retirement plan by finan-

cial contribution. Therefore, the administrator finds no reason to change the initial determination."

This decision was likewise appealed; the hearing held before the referee and a copy of the testimony is included in the record and among the findings of fact by the referee, was the fact that the claimant joined the pension plan about 2 or 2½ years after he went to work for the company and that he was advised that he had no choice but to retire at the age of 65. The findings of fact also disclose from the company representative that the pension plan was voluntary and that the company policy as explained to all new employees was to the effect that it was mandatory retirement at the age of 65. The referee referring to the law that was applicable, refers to the same section of the Revised Code heretofore referred to and also refers to division (G). The court sees no application to the last division. The referee then goes on to state, "This claimant accepted the condition of employment at the time he became employed at General Electric Company. The retirement policy had been in effect at that time approximately 15 years, with a change to age 65 in effect for about six years. The claimant accepted all conditions of his employment and it must be held that he was separated under disqualifying circumstances.

Then in the decision, the referee held, "The decision on reconsideration dated December 18, 1964, is modified with respect only to the reason for separation. It is held that the claimant quit work without just cause and the suspension of benefit rights remains in effect; the claim for the week ending November 14 remains disallowed." This was signed by Thomas J. Schottlekottee, Referee. Application was filed for a further appeal from the decision of the referee and by order of the Board of Review, the further appeal was disallowed.

The court, after going over the complete records, finds that there is absolutely no testimony of any kind that the appellant quit his work voluntarily and the entire record, including statements of the representative of the company, states that the retirement was mandatory, based upon the claimant's age; further based upon a company policy and a contract entered into between company and the union. The court finds from the record, that the actions of the claimant, at the time he came to work for the company and by his continuing there-

with, were such that he impliedly agreed to the conditions of such employment.

The court, however, finds that, under the law, no such agreement between the company and the employee is binding as it is specifically stated in the Code that they cannot agree to waive the benefits of this act. Section 4141.32, Revised Code, headed, "Benefits may not be waived or assigned; exempt from execution," states, "No agreement by an employee to waive his right to benefits is valid, nor shall benefits be assigned, released, or commuted. Such benefits are exempt from all claims of creditors and from levy, execution, garnishment, attachment, and all other process or remedy for recovery or collection of a debt, which exemption may not be waived."

If further reasoning is needed, it could be stated that, if a company has a right to establish a retirement policy and deprive its employees of benefits of unemployment compensation, they could, from year to year, change the retirement age and as they had once changed it from 70 years to 65 years, they could change it from 65 years to 60 years or 50 years, or such other age as they saw fit; or they could require a person to state that he would agree to work for only a limited number of years; say 5 or 10 years or for a limited length of time or so long as they had a specific contract, or other type of company such as a contractor or builder of roads or construction of buildings, could have his employees sign up that they know the work will only last for one year and that they waive their rights to unemployment benefits just as soon as this particular job was completed. I think it is clear that it appears from this type of situation that it is necessary that Section 4141.32, Revised Code, have been included in this act.

Suggestion has been made that the claimant was required to make application for continued employment to the pension board. The court gives no credence to this argument for two reasons: 1. The claimant has had no right to this continued employment and it was solely at the will of the pension board and the pension board was appointed solely by the administration and the employees had no say of any kind as to who should be on the pension board or had no right to insist upon employment after they became 65 years of age. In exhibit No. 1 on page 41 under Section XX, it is stated, "1. The plan shall

be administered by a pension board consisting of a chairman and four or more other members appointed annually by the board of directors to hold office at the pleasure of the board of directors.'' Again, in the same exhibit on page 15, Section III, paragraph (1) it is stated, ''The normal retirement date of an employee participating in this plan shall be the first day of the month following attainment of age 65.'' ''(2) An employee may continue in service after his normal retirement date only upon approval of the pension board.'' It is further shown that the pension plan had nothing to do with the retirement age from the testimony of Mr. Dalton, the representative of the employer. On page 6 of the recorded testimony, it is stated ''Q. Does the pension plan have any effect or have anything to do with the retirement age?'' ''A. No, it has nothing to do with it.''

The court finds that the original findings of the Board of Review, the administrator's decision, the referee's decision and the order of the Board of Review disallowing further appeal are all unlawful and are set aside and vacated and they are ordered to provide benefits from the unemployment compensation fund in an amount authorized by law.

*Judgment accordingly.*